# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FOSTER,<br><br>    Plaintiff,<br><br>    v.<br><br>KEN CLARK, et al.,<br><br>    Defendants. | Case No. 1:22-cv-00976-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT<br><br>(ECF No. 27) |

Plaintiff Michael Foster is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for entry of default, filed April 5, 2023. (ECF No. 27.)

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[a] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment

may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a).

Plaintiff submits that Defendant failed to file a timely answer on or before March 27, 2023. (ECF No. 27.) Plaintiff is incorrect, as the docket reflects that Defendant filed a timely answer to the complaint on March 27, 2023, which was served on Plaintiff at his address of record. (ECF No. 24.) Accordingly, Plaintiff's motion for entry of default is denied.

IT IS SO ORDERED.

Dated:   **April 6, 2023**

UNITED STATES MAGISTRATE JUDGE